IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASCADE PENSION TRUST, et al.

    Plaintiff,

    v.

BOB FISHER ELECTRIC, INC.,

    Defendant.

_____

Case No. 6:14-cv-01920-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiffs Cascade Pension Trust, Harrison Electrical Workers Trust Fund, National Electrical Benefit Fund, I.B.E.W. District No. 9 Pension Plan, Central Inside Joint Apprenticeship and Training Trust, and Southern Oregon IBEW-NECA Electrical Workers Audit Committee, acting by and through its Collection Committee comprised of Plaintiffs Klaas DeBoer, Jr. and Tim Frew (collectively, "Plaintiffs") move this Court for an Entry of Default, Default Judgment, and attorney fees and costs. *See* ECF No. 6. For the reasons that follow, Plaintiffs' motion, ECF No. 6, is GRANTED.

## BACKGROUND

    Plaintiffs brought this action on December 2, 2014, and Defendant Bob Fisher Electric, Inc. ("Defendant") received personal service on December 12, 2014. More than two months have

1 – OPINION AND ORDER

now passed, and Defendant has not filed any responsive pleadings. As a result, any allegations in the Complaint that do not relate to the amount of damages are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Defendant entered into a collective bargaining agreement ("CBA") with Plaintiffs, under which Defendant agreed to the terms and conditions of the collection procedures for delinquent contributions. The CBA requires that Defendant submit reports to Plaintiffs each month indicating the hours worked by Defendant's employees who are covered under the CBA, and Defendant must submit payments to Plaintiffs in order to provide benefits for those employees. Defendant must maintain records for each employee to determine the amount of benefits due, and Defendant must make those records available in the event Plaintiffs request an audit. If Defendant does not keep adequate records and make the required payments, Defendant must pay the expenses of an audit and pay employee benefits to Plaintiffs based on an imputed forty hours per week for each employee.

Plaintiffs audited Defendant for the calendar years 2012 and 2013, during which Defendant had two employees covered under the CBA, but Defendant did not submit adequate records or contributions to Plaintiffs. Under the CBA and ERISA,[1] Defendant must pay the delinquent contributions, interest on the delinquent contributions, liquidated damages, the cost of the payroll audit, and attorney fees. Plaintiffs also seek post-judgment interest at the Oregon statutory rate of nine percent for their fees and costs.[2]

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1145.
[2] In the Complaint, Plaintiffs initially asked the Court to enjoin Defendant from failing to make further contributions or submit written reports due to Plaintiff, but Plaintiffs have since waived their claim for equitable relief. *See* ECF No. 6-1 at 5.

2 – OPINION AND ORDER

## **STANDARDS**

A defendant must file a responsive pleading within 21 days of being served, or within 60 days if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After entering an order of default, the district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007), *cert. denied*, 555 U.S. 937 (2008). In exercising its discretion, the court may consider: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

The court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted). The court may take the complaint's well-pleaded factual allegations as true, other than the amount of damages. *Id.* at 917-18 (citation omitted); *DIRECTV*, 503 F.3d at 854 (citations omitted). On the other hand, a "'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## DISCUSSION

### I. Entry of Default

Defendant received personal service on December 12, 2014, and more than 60 days have passed without Defendant filing any responsive pleadings. Defendant has not filed any notice to appear or provided this court any reason why an entry of default is not appropriate in this case. Defendant has failed to plead or otherwise defend the current action, so the clerk must enter Defendant's default.

### II. Entry of Default Judgment

In considering an entry of default judgment, this Court examines the seven factors laid out in *Eitel*. To satisfy the first three factors, Plaintiffs must state a valid claim in a well-pleaded complaint, for which the refusal to grant a default judgment would be prejudicial to Plaintiffs. ERISA 29 U.S.C. § 1145 requires the following:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Plaintiffs have established that Defendant failed to make contributions in accordance with the CBA, so Plaintiffs state a valid claim under ERISA. In terms of prejudice to Plaintiffs, if this Court does not enter a default judgment in Plaintiffs' favor, Plaintiffs have no other avenue to collect the delinquent contributions.

With regard to the fourth and fifth *Eitel* factors, the sum of money at stake in this action is appropriate to the amount of contributions the CBA required for Defendant's employees, and there is no material dispute concerning how many covered employees Defendant had or the terms of the CBA. Finally, Defendant has not provided this Court any explanation that would

constitute excusable neglect. Although the seventh factor favors decisions on the merits, Defendant's inaction in this matter has made a decision on the merits impossible. If the general policy in favor of a decision on the merits, standing alone, outweighed the previous six *Eitel* factors, then defendants could always refuse to defend an action and still avoid a default judgment. Therefore, the *Eitel* factors in this case support an entry of default judgment.

### III. Damages

Because the court accepts as true all allegations from the complaint except those relating to the amount of damages, Plaintiffs must prove the amount of damages they seek in this action. In an action to collect delinquent contributions under 29 U.S.C. § 1145, the ERISA statute requires that the court award:

> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of--
>
>> **(i)** interest on the unpaid contributions, or
>>
>> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs[.]

29 U.S.C. § 1145(g)(2). Such an award is mandatory if: (1) the employer is delinquent at the time the action is filed; (2) the district court had entered a judgment against the employer; and (3) the plan must provide for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

### A. Unpaid Contributions

Plaintiffs submitted a detailed chart of the delinquent payments for each trust fund to which Defendant owed contributions under the CBA. *See* ECF No. 7-4 at 3-4. A professional outside auditing firm performed the payroll audit and used the imputed forty hours per week for the unreported hours as specified in the CBA. *Id.* at 2. The payroll audit calculated $117,474.90 in unpaid contributions, which Plaintiffs are entitled to under 29 U.S.C. § 1145(g)(2)(A). The total amount owed from the payroll audit excludes the contributions Defendant had already made, so the remaining funds were still delinquent at the time Plaintiffs filed this action. Plaintiffs' counsel submitted a declaration that the payroll audit attributed the delinquent contributions at the rate established in the CBA. *See* ECF No. 7 at 4-5 (Feb. 25, 2015 LeFever Decl.).

### B. Interest on Unpaid Contributions

Plaintiffs are entitled to interest on the unpaid contributions using the rate provided in the CBA. *See* 29 U.S.C. § 1145(g)(2)(B). The CBA establishes a rate of 12 percent per year until paid. ECF No. 7-2 at 1. Based on the monthly interest charges from January 2012 to December 2013, Plaintiffs are entitled to $24,643.08 as of December 1, 2014, and an additional $38.6219 each day thereafter until paid in full. *See* ECF No. 7-5 at 2.

### C. Liquidated Damages

Liquidated damages only apply "when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir.1989) (emphasis in original). In this case, all the disputed funds remain unpaid, and the plan provides for liquidated damages. See ECF No. 7-2 at 1-2. Therefore,

6 – OPINION AND ORDER

ERISA provides that Plaintiffs are entitled to the greater of the interest on the unpaid contributions or liquidated damages in an amount not greater than 20 percent of the unpaid contributions. 29 U.S.C. § 1145(g)(2)(C). Although the liquidated damages provided in the CBA are slightly higher, Plaintiffs request liquidated damages of $24,643.08 in the amount equal to the interest on the unpaid contributions.

### D. Attorney's Fees and Costs

Plaintiffs are entitled to attorney's fees and costs under the CBA and ERISA 29 U.S.C. § 1132(g)(2)(D). Plaintiffs submitted an itemized fee statement with an hourly breakdown of the time spent on this case and the total costs and expenses. *See* ECF No. 7-14 (LeFever Decl.). I find the 22 hours to be reasonable in light of the repeated communications Plaintiffs had to engage in with Defendant, and the rate of $230 per hour is reasonable in the Oregon market for attorneys of comparable skill and experience. The costs on the fee statement properly account for the filing fee and postage, so Plaintiffs are entitled to $5,509.88 in attorney fees and court costs.

Under the CBA, Plaintiffs are also entitled to an award for the cost of the audit if Defendant's contributions during the audit period were "less than 95 percent of the amount required to be contributed for such period." ECF No. 7-3. Defendant's contributions were far below 95 percent of the required amount, so Plaintiffs are entitled to the audit cost of $1,329.32.

### E. Post-Judgment Interest

Plaintiffs seek post-judgment interest at the Oregon statutory rate of nine percent. Federal law, however, governs the post-judgment interest rate. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). Under 28 U.S.C. § 1961, post-judgment interest "shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

7 – OPINION AND ORDER

preceding the date of the judgment." The previous week's auction price of 52-week treasury bills, as posted by the Federal Reserve, was 0.24 percent.[3]

## CONCLUSION

For the above reasons, Plaintiffs' motion for an Entry of Default, Default Judgment, and attorney fees and costs, ECF No. 6 is GRANTED. Plaintiffs are entitled to:

a. $117,474.90 in unpaid contributions;

b. Interest on the unpaid contributions equal to $24,643.08 as of December 1, 2014, plus an additional $38.6219 each day thereafter until paid in full;

c. $24,643.08 in liquidated damages;

d. $6839.20 in attorney's fees, court costs, and audit costs; and

e. Interest on item d. from the date judgment is entered until paid in full at the rate of 0.24 percent per annum.

IT IS SO ORDERED.

DATED this 20th day of April, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

---

[3] FRB: H.15 R<small>ELEASE</small>—S<small>ELECTED</small> I<small>NTEREST</small> R<small>ATES</small>—M<small>ARCH</small> 30, 2015, http://www.federalreserve.gov/releases/h15/current/ (last visited Apr. 7, 2015)

8 – OPINION AND ORDER